IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| ANTONIO DUDLEY | § | |
| v. | § | CIVIL ACTION NO. 6:07cv320 |
| WESLEY PRATT, ET AL. | § | |

MEMORANDUM ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND ENTERING FINAL JUDGMENT

The Plaintiff Antonio Dudley, proceeding *pro se*, filed this civil rights lawsuit under 42 U.S.C. §1983 complaining of alleged violations of his constitutional rights.  This Court ordered that the case be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

On July 11, 2007, Dudley was ordered to pay an initial partial filing fee of $4.01, pursuant to 28 U.S.C. §1915(b). On July 24, 2007, he filed a response to this order, saying that he received $20.00 per month and so could not afford to pay the fee.  He attached a one-month statement from the TDCJ-CID Inmate Trust Fund Department which showed that he had received $20.00 during that month, and had spent $17.23 at the commissary.

On September 10, 2007, the Magistrate Judge issued a Report recommending that the lawsuit be dismissed without prejudice for failure to prosecute or to obey an order of the Court.  The Magistrate Judge observed that there is nothing unconstitutional about requiring incarcerated persons to pay some of the costs of the litigation which they undertake, and quoted a Seventh Circuit decision pointing out that litigation is not a free good and that if the plaintiff does not believe that his litigation is worthy of any costs he is able to assume, this represents an implied evaluation of the

1

lawsuit that the Court is entitled to honor.  <u>Lumbert v. Illinois Department of Corrections</u>, 827 F.2d 257, 259 (7th Cir. 1987).

The Magistrate Judge also noted that Dudley had been ordered to file an amended complaint setting out his claims with more factual specificity, and had failed to do so.  Dudley did file a response to this order, in which he said that he had filed a "motion to present additional evidence;" however, this motion consisted of nothing more than a Step One grievance, which did not satisfy the order to file an amended complaint.  The Magistrate Judge also observed that Dudley said in his complaint that he did not have to exhaust administrative remedies, and that this was an incorrect statement of the law.

Dudley filed objections to the Magistrate Judge's Report on September 27, 2007.  In his objections, Dudley states as follows:

> Plaintiff hereby submits that he has no contentions towards the issues concerning the initial partial filing fee.  As Your Honorable [sic] has already concluded, plaintiff's failure is not an action which threatens the judicial process, and dismissal with prejudice would not be warranted.  However, plaintiff remains honorable with his efforts.

Dudley goes on to say that he had included an amended complaint with his application to proceed *in forma pauperis*, which was filed at the initiation of the lawsuit.  He says that when he was ordered to file an amended complaint, he referred the Court back to the original complaint.  Finally, Dudley acknowledges that he was in error in saying that he did not have to exhaust administrative remedies, but that he has now done so.

As can be seen, Dudley does not dispute that he failed to pay the filing fee when ordered to do so, nor does he show good cause for his failure to do so.  He did not file an amended complaint, but rather his original complaint, with his application for leave to proceed *in forma pauperis*, and referring back to his original complaint after having been ordered to file an amended complaint does not represent compliance with the order.  The Magistrate Judge did not err in recommending that Dudley's lawsuit be dismissed without prejudice, and Dudley's objections, to the extent that they

2

even challenge the Magistrate Judge's proposed recommendations and conclusions, are without merit.

The Court has conducted a careful *de novo* review of the pleadings and documents in this case, including the plaintiff's complaint, the Report of the Magistrate Judge, the Plaintiff's objections thereto, and all other pleadings, documents, and records in the case.   Upon such *de novo* review, the Court has concluded that the Report of the Magistrate Judge is correct and that the Plaintiff's objections are without merit.  It is accordingly

ORDERED that the Plaintiff's objections are overruled and the Report of the Magistrate Judge is ADOPTED as the opinion of the District Court.  It is further

ORDERED that the above-styled civil action be and hereby is DISMISSED without prejudice for failure to prosecute or to obey an order of the Court.  It is further

ORDERED that any and all motions which may be pending in this action are hereby DENIED.

**So ORDERED and SIGNED this 4th day of December, 2007.**

**LEONARD DAVIS**
**UNITED STATES DISTRICT JUDGE**